```
UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
------------------------------------------------------------------x
JAMES RUSSELL,                                      :
                                                    :
                Plaintiff-Appellant,                :   Docket No. 14-387
                                                    :
        v.                                          :
                                                    :
GANNETT COMPANY INC., GANNETT                       :
SATELLITE INFORMATION NETWORK INC.,                 :
JOSEPH MCDONALD, INDIVIDUALLY,                      :
ANTHONY SIMMONS, INDIVIDUALLY, P.O.                 :
MICHAEL DILAURIA, INDIVIDUALLY, P.O.                :
WILLIAM DUFFELMEYER, INDIVIDUALLY,                  :
TOWN OF HARRISON,                                   :
                                                    :
                Defendants-Appellees.               :
                                                    :
THE JOURNAL NEWS, JOURNAL NEWS LLC,                 :
                                                    :
                Defendants.                         :
                                                    :
------------------------------------------------------------------x
```

## MEMORANDUM OF LAW IN SUPPORT OF MOTION
## TO DISMISS FOR LACK OF APPELLATE JURISDICTION

SATTERLEE STEPHENS BURKE & BURKE LLP
Aaron M. Zeisler
230 Park Avenue, 11th Floor
New York, New York 10169
Tel: (212) 818-9200
azeisler@ssbb.com

1878022_3

Defendants-Appellees Gannett Satellite Information Network Inc. ("GANSAT") and Gannett Company Inc. (together, "*The Journal News*"), Joseph McDonald and Anthony Simmons (collectively, "*The Journal News* Defendants-Appellees"),[1] submit this memorandum of law in support of their motion to dismiss.

## INTRODUCTION

Appellate jurisdiction does not exist here because Plaintiff-Appellant James Russell ("Russell") has appealed the District Court's order granting a motion to dismiss as to some (but not all) defendants; thus, the ruling is not an appealable final order or judgment pursuant to 28 U.S.C. § 1291. Specifically, Russell challenges a single Order of the United States District Court for the Southern District of New York (Seibel, J.) granting *The Journal News* Defendants-Appellees' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) – despite the fact that the case below continues with the Town of Harrison and police officer defendants (the "Town Defendants"), who did not move to dismiss. *See* Dkt. # 2 (the "Order").

## BACKGROUND

### A.    Summary of Case

Russell is a local politician who has been a losing candidate several times for the House of Representatives for New York's 18th District, and *The Journal News* is a local publication that has endorsed Russell's opponents in several elections. Dkt. # 1 (Jan. 16, 2014 Bench Ruling Transcript ["Tr."] at 3). In 2010, *The Journal News* and other news outlets reported on an essay that Russell had written which, according to Russell, falsely portrayed him in a racist and anti-semitic light. *Id.* Russell sued for libel and slander in state court, and lost, but believed that *The Journal News* and others harbored personal and political animosity toward him. *Id.*

---

[1] *The Journal News*, which is referenced in the caption, is a daily newspaper and a business unit of GANSAT – not a separately incorporated entity, and there is no entity called Journal News LLC that is owned, operated or controlled by the Defendants-Appellees.

1878022_3

Russell alleges that, on August 5, 2011, *The Journal News* Defendants and Town Defendants entered into a conspiracy to take retribution against him for the prior libel lawsuit and to damage his political candidacy by having him falsely arrested and prosecuted for trespassing and harassment. *Id.* at 3-4. On August 11, 2011, Russell was arrested outside of *The Journal News* offices in White Plains, in supposed furtherance of said conspiracy, while allegedly eating lunch on a bench. *Id.* at 5.

### B.     The Proceedings Below

Russell filed a complaint against *The Journal News* Defendants and Town Defendants on October 31, 2012, and filed an amended complaint on March 4, 2013. *Id.* at 6-7. The amended complaint contains Section 1983 claims and state law claims for false arrest and malicious prosecution, and common law claims for prima facie tort, injurious falsehood, abuse of process and vicarious liability. *Id.* at 6-7.

On June 10, 2013, *The Journal News* Defendants moved to dismiss the amended complaint in its entirety. After briefing was completed, a hearing was held on January 16, 2014, during which counsel for the parties were given the opportunity to raise additional issues and, offering none, the District Court issued a ruling from the bench. *Id.* at 2.

The District Court dismissed all claims as to *The Journal News* Defendants and issued an Order on January 17, 2014, incorporating its ruling from the bench. Dkt. # 2 (Order). The Town Defendants were not dismissed from the case, and a conference was set for March 28, 2014 (adjourned to April 11, 2014). *Id.* Russell did not seek, and the District Court did not direct, entry of final judgment as to *The Journal News* Defendants pursuant to Fed. R. Civ. P. 54(b). *Id.*

### C.     Statement Pursuant to Local Rule 27.1(b)

On February 28, 2014, counsel for *The Journal News* Defendants-Appellees contacted counsel for Russell, advising him of the intended motion to dismiss the appeal and requesting

2

that he provide his position on the motion and his intent to file a response. *See* Mot. Info. Stmt. Opposing counsel has not responded. *Id.*

## ARGUMENT

The Order from which Russell appeals is reviewable only if it constitutes a "final order" pursuant to 28 U.S.C. § 1291 or an injunction pursuant to 28 U.S.C. § 1292(a)(1). Given that the Order constitutes neither, the appeal must be dismissed for lack of appellate jurisdiction.

### 1. There Is No Appellate Jurisdiction Under 28 U.S.C. § 1291

The final judgment rule, embodied in 28 U.S.C. § 1291, provides that interlocutory orders entered by a trial court may not be reviewed by a court of appeals until the trial court enters a final judgment resolving all issues in a case, leaving the district court nothing to do but execute the judgment. *See Cunningham* v. *Hamilton County*, 527 U.S. 198, 204 (1999); *see also Leftridge v. Conn. State Trooper Officer # 1283*, 640 F.3d 62, 66 (2d Cir. 2011); *Henrietta D. v. Guiliani*, 246 F.3d 176 (2d Cir. 2001).

The granting of a motion to dismiss a complaint as to fewer than all the defendants, or fewer than all of the claims, is not a "final" order for purposes of 28 U.S.C. § 1291 unless the district court directs the entry of a final judgment as to the dismissed parties or claims pursuant to Fed. R. Civ. P. 54(b). As this Court held in *Chapple v. Levinsky*, 961 F.2d 372, 373-74 (2d Cir. 1992):

> When the decision of the district court does not pertain to an injunction, a receivership, or a case in admiralty, *see* 28 U.S.C. § 1292(a) (1988), and is not an interlocutory order as to which we have granted leave to appeal, *see* 28 U.S.C. § 1292(b) (1988), the court of appeals lacks jurisdiction to hear the appeal unless the decision is a "final" order within the meaning of 28 U.S.C. § 1291 (1988). An order that adjudicates fewer than all of the claims remaining in the action or adjudicates the rights and liabilities of fewer than all of the parties is not a final order unless the court directs the entry of a final judgment as to the dismissed claims or parties "upon an express determination that there is no just reason for delay." Fed. R. Civ. P. 54(b). The dismissal of Chapple's complaint against Crosby, Ltd., and S.A. left pending Chapple's claim against Levinsky. The district

3

court did not direct that a final judgment of dismissal be entered pursuant to Rule 54(b). Accordingly, those dismissals are not now appealable under § 1291.

Here, the District Court dismissed Russell's amended complaint as to *The Journal News* Defendants-Appellees (not the Town Defendants), and it did not direct that a final judgment of dismissal be entered pursuant to Fed. R. Civ. P. 54(b). *See* Order (Dkt. # 2). Accordingly, the District Court's decision is not appealable under 28 U.S.C. § 1291, and the present appeal should be dismissed for lack of appellate jurisdiction. *Chapple*, 961 F.2d at 374.

### 2. There Are No Other Grounds For Appellate Jurisdiction Here

The District Court's Order does *not* pertain to an injunction, a receivership, or a case in admiralty, 28 U.S.C. § 1292(a), and the District Court did *not* find that it was an interlocutory order which, if decided on appeal, "may materially advance the ultimate termination of the litigation," 28 U.S.C. § 1292(b). Order (Dkt. # 2). Thus, there are no other grounds upon which the Order is appealable. *See* 28 U.S.C. § 1292; *Chapple*, 961 F.2d at 373.

### CONCLUSION

For the foregoing reasons, *The* Journal News Defendants-Appellees respectfully request that this Court dismiss Russell's appeal in its entirety.

Dated: New York, New York
February 28, 2014

Respectfully submitted,
SATTERLEE STEPHENS BURKE & BURKE LLP

By: /s/ Aaron M. Zeisler
Aaron M. Zeisler
230 Park Avenue, 11th Floor
New York, NY 10169
Tel: (212) 818-9200
azeisler@ssbb.com

*Attorneys for Defendants-Appellees Gannett Satellite Information Network, Inc., Gannett Company Inc., Joseph McDonald and Anthony Simmons*